IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
SEP 12 2013
PER ___KM___
DEPUTY CLERK

| | |
|---|---|
| KIM FLOOD, | : |
|     Petitioner | : |
| | : CIVIL NO. 3:CV-13-1028 |
| v. | : (Judge Conaboy) |
| | : |
| WARDEN J. E. THOMAS, | : |
|     Respondent | : |

## MEMORANDUM
### Background

    This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated on behalf of Kim Flood during his confinement at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Named as Respondent is USP-Lewisburg Warden J.E. Thomas.[1] Service of the petition was previously ordered.

    Flood's pending action does not challenge the legality of his underlying federal criminal conviction and sentence. Rather, Petitioner claims entitlement to federal habeas corpus relief on the basis that the Federal Bureau of Prisons (BOP) has

---

[1] The only properly named respondent in a federal habeas corpus action is the applicant's custodial official. See 28 U.S.C. § 2242. When this matter was initiated, Warden Thomas was Petitioner's custodial official for purposes of § 2242.

1

improperly denied him placement in a halfway house. See Doc. 1, p. 2. Petitioner indicates that his suggested release date was August 25, 2013 and that pursuant to the Second Chance Act, he is entitled to halfway house placement.[2]

Flood adds that being afforded immediate halfway house placement would provide him with opportunity to obtain medical treatment for injuries which he suffered from an alleged unwarranted February 26, 2013 assault by correctional officers.

On September 3, 2013, Respondent filed a "Notice of Suggestion of Mootness" stating that Flood "was released from BOP custody on August 23, 2013." Doc. 12, p. 1. Consequently, Respondent seeks dismissal of the petition since the only habeas

---

[2] On April 9, 2008, the Second Chance Act of 2007, Pub.L. No. 110-199, Title II, § 251, 122 Stat. 657, 692 (the "Second Chance Act"), codified at 18 U.S.C. §§ 3621, 3624, was signed into law. The Second Chance Act increases an inmate's eligibility for pre-release placement in a Residential Reentry Center ("RRC" or "halfway house")) from six (6) to twelve (12) months and requires the Bureau of Prisons ("BOP") to make an individual determination that ensures that the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C) (Apr. 9, 2008).

In making this determination, the following five criteria from 18 U.S.C. § 3621(b) are to be considered: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the sentencing court concerning the purpose for which the sentence was imposed or a recommendation of a particular type of correctional facility; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28. 18 U.S.C. § 3621(b).

corpus issue raised by Flood is moot.

## Discussion

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied, 510 U.S. 920 (1993). Federal habeas relief is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Since Flood's claim of denial of halfway house placement conceivably impacted the length of his imprisonment, this matter was properly raised under § 2241. See Woodall, 432 F.3d at 243-44 (claims regarding denial of halfway house placement properly sound in habeas corpus).

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v.

Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. Feb. 18, 2009). in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Id. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue."

4

Id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

Flood's sole claim asserts that he was improperly denied halfway house placement. Respondent has notified the Court that Petitioner was released from BOP custody on August 23, 2013.

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also United States v. Kissinger, 309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982); Hagwood v. Grondolsky, 2009 WL 455499 *2 (D.N.J. Feb. 19, 2009)(a federal inmate's challenge to the BOP's reversal of a decision to place him on home confinement. became moot once the BOP placed the prisoner on home confinement).

Petitioner has not shown that he is suffering any collateral consequences as required under Spencer Johnson, and Kissinger stemming from the alleged prior failure of federal officials to place him in a halfway house. As noted in Hagwood, the type of habeas claim asserted herein is mooted once a federal inmate is released from imprisonment.

Since Flood was released from federal custody on August 23, 2013, under the principles set forth in Steffel, his sole claim of being denied halfway house placement is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.[3]

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: SEPTEMBER 12th, 2013

---

[3] The dismissal of this habeas petition does not preclude Flood from pursuing a claim of excessive force regarding the purported February 26, 2013 incident via a properly filed civil rights complaint.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KIM FLOOD,

    Petitioner

v.

WARDEN J. E. THOMAS,

    Respondent

CIVIL NO. 3:CV-13-1028

(Judge Conaboy)

## ORDER

AND NOW, THEREFORE, THIS 12th DAY OF SEPTEMBER, 2013, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The petition seeking federal habeas corpus relief is **DISMISSED AS MOOT**.

2. The Clerk of Court is directed to **CLOSE** the case.

3. Based on the Court's determination herein, there is no basis for the issuance of a certificate of appealability.

                                          RICHARD P. CONABOY
                                          United States District Judge